UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TERRENCE SHEPPARD,**<br><br>　　　　　**Plaintiff,**<br><br>v.<br><br>**CITY OF BAYONNE,**<br><br>　　　　　**Defendant.** | Civ. No. 20-1845 (KM) (ESK)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

On or about July 9, 2019, Mr. Sheppard filed a Complaint in the Superior Court of New Jersey, Law Division, Hudson County, No. HUD-L-2694-19, naming the Bayonne Police Department as the Defendant. ("Complaint", DE 1 at 6) The Complaint does not name any individual officer, or anyone else, as a defendant. It is handwritten on a standard civil complaint form. The allegations span a mere two pages and no cause of action is specified. The Complaint seeks unspecified damages for bodily injury. (*Id.* at 7)

The Complaint alleges that on May 20, 2019, *pro se* plaintiff Terrence Sheppard was in a room at the Hudson Plaza Motel. He was with a woman who was comforting him because he was emotionally disturbed as a result of the passing of a friend. (Complaint, DE 1 at 7)[1] Mr. Sheppard alleges that the police then arrived and dragged him out of his hotel room, and placed him in

---

[1]　Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

　　"DE" = Docket entry number in this case.

　　"Complaint" = Civil complaint No. HUD-L-2694-19 (DE 1 at 6; DE 5-1 at 7)

　　"Def. Brf." = Defendant's motion to dismiss brief. (DE 5-2)

1

an ambulance. (*Id.* at 6) At some point he woke up bloody, although it is unclear when this occurred. (*Id.*) When he woke up in the hospital, he discovered numerous scars on his body, which he alleges are the result of police abuse. (*Id.* 6-7)

The defendant Bayonne Police Department (a department of the City of Bayonne) contends that it received a copy of the Complaint on January 21, 2020. (*Id.* at 1) On February 20, 2020, Defendant filed a notice of removal to this Court. Attached to the notice as "Exhibit A" was a copy of Mr. Sheppard's state court complaint. (*Id.*) Also included in "Exhibit A" is a Bayonne Police arrest report. (DE 1 at 10–21) Another copy of the Complaint as served on the Defendant, however, does not include a copy of the arrest report. (*See* DE 5-1 at 7–12)[2]

The notice of removal is based on this Court's federal-question jurisdiction under 28 U.S.C. § 1331. The notice states that this Complaint, although it does not specify a cause of action, "can reasonably be construed" as a federal civil rights action pursuant to 42 U.S.C. § 1983. (DE 1 at 2)

---

[2]  When deciding a motion to dismiss, a court typically does not consider matters outside the pleadings unless a document is deemed integral to the Complaint or is referenced in the Complaint. *See Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 292 (D.N.J. 2009) (court may consider documents referenced in complaint that are essential to plaintiff's claim). The Complaint suggests that Mr. Sheppard was taken to the hospital by the police. The version attached to the notice of removal is followed by a copy of the police report, but, as noted, it is far from clear that the Complaint as filed by Mr. Sheppard attached the police report. Out of caution, I will refrain from relying on the report.

Suffice it to say, however, that the Bayonne police have a different story. The police report relates that the police responded to a complaint of a disturbance at Room 117 of the Hudson Plaza Motel. (*Id.* at 13) They observed a male, later identified as Mr. Sheppard, on top of a woman who was screaming "Get off of me you['re] hurting me." (*Id.*) The officers arrested Mr. Sheppard, who was speaking incoherently and was unsteady on his feet. Sheppard was transported to a hospital for evaluation. (*Id.*) The woman who was with Mr. Sheppard told the officers that he had taken an unknown substance which had caused him to become violent, destroying furniture in the room and ripping out several items from their mounts, including an air conditioning unit, a bathroom faucet, and a headboard attached to the wall. (*Id.*) Resolution of these factual discrepancies, however, is for another day.

On April 24, 2020, Defendant moved to dismiss the action for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (DE 5) Defendant asserts that the Complaint fails to set forth any factual or legal basis upon which they can be held liable and that the Complaint does not assert a cognizable claim. (Def. Brf. at 6)

More specifically, Defendant moves to dismiss Plaintiff's claims, proffering alternative bases for dismissal based on their interpretation of Plaintiff's claims. According to Defendant, "A generous review of the Plaintiff's complaint can only be interpreted to be a claim for damages under 42 U.S.C. § 1983, as the Plaintiff makes vague and generalized allegations of constitutional deprivations. Thus, if feeling generous, the Court can, at most treat, the Plaintiff's complaint as a §1983 action." (Def. Brf. at 9) However, says Defendant, the Complaint fails to assert any viable cause of action, federal or state, so it must be dismissed. (*Id.* at 9–17)

Plaintiff has not responded to the motion to dismiss.[3]

I do not make any findings with respect to the merits of Defendant's motion to dismiss. Instead, for the reasons set forth below, I will *sua sponte* remand the case to the Superior Court of New Jersey, Hudson County on jurisdictional grounds.

### I.     Discussion

Although no party has challenged the propriety of removal or this Court's jurisdiction, I must consider it. Federal courts are courts of limited jurisdiction, which "have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and decide the issue sua sponte ...." *Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995). Under Fed. R. Civ. P. 12(h)(3), "if the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." That obligation is paramount because subject matter jurisdiction "calls into question the very legitimacy of a

---

[3]     Recently, the Court was informed that Mr. Sheppard is now incarcerated at the Hudson County Correctional Facility in Kearny, New Jersey. (*See* DE 10)

3

court's adjudicatory authority." *Council Tree Commc'ns., Inc. v. FCC*, 503 F.3d 284, 292 (3d Cir. 2007) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003)). Ultimately, I must dismiss a case if there is no subject matter jurisdiction because "subject matter jurisdiction is non-waivable." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003).

Subject matter jurisdiction exists in the federal courts on the basis of (1) diversity of citizenship, 28 U.S.C. § 1332, and (2) federal question jurisdiction, 28 U.S.C. § 1331. Diversity exists when there is "complete diversity" of the parties and the controversy's value exceeds $75,000. 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). If any plaintiff and any defendant are citizens of the same state, diversity is broken and the action must be dismissed, unless there is another basis for jurisdiction. There are no allegations tending to suggest diversity of citizenship, and Defendant did not remove the action on that basis.

Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a claim to "arise under" the Constitution, federal law, or a treaty, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiffs' cause of action." *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974) (citing *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908). Federal question jurisdiction exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiffs right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983).

Mr. Sheppard's complaint does not invoke federal question jurisdiction. It does not identify any federal statute, rule, regulation, or case as the basis for his lawsuit. The notice of removal does not cite anything in the complaint, but states that the facts "can fairly be read" as a claim under 42 U.S.C. § 1983.

Those allegations, however, are equally compatible with, *e.g.,* a state-law cause of action for assault or one under the New Jersey Civil Rights Act. And the removal statutes are to be read narrowly, with all doubts resolved against removal:

> "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (1988). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."

*Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Indeed, in its motion to dismiss, the City has abandoned the "fair reading" approach upon which it obtained removal. Now, it says that "*if feeling generous*, the Court can, *at most*, treat the Plaintiff's complaint as a § 1983 action." (Def. Brf. at 9 (emphasis added))[4] But the removal statutes, as noted, are not construed "generously," but "strictly," in the sense that the court will not strain to find a federal cause of action where none is stated.

## CONCLUSION

I find that this matter was not properly removed because the complaint fails to set forth a basis for this Court's subject matter jurisdiction. The case will be remanded to the court where plaintiff filed it, New Jersey Superior Court, Hudson County. An appropriate order accompanies this Opinion.

Dated: May 29, 2020

/s/ Kevin McNulty

**Kevin McNulty**
**United States District Judge**

---

[4] That abrupt shift in tone reflects the whipsaw technique of removing the complaint to federal court because it states a federal claim and immediately moving to dismiss it because it does not.